UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN CHAMBER OF COMMERCE,
MICHIGAN CHAMBER POLITICAL ACTION
COMMITTEE III, AND THE STERLING CONSULTING
CORPORATION,
        Plaintiffs,

No. 1:10-cv-664

-v-

HONORABLE PAUL L. MALONEY

TERRI LYNN LAND,
        Defendant.

## ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER SCHEDULING A HEARING FOR A PRELIMINARY INJUNCTION

Plaintiffs, a non-profit corporation, a for-profit corporation, and a political action committee, filed a motion for a preliminary injunction or, in the alterative, for an *ex parte* temporary restraining order.[1] (Dkt. No. 2.) Defendant Terri Lynn Land is the Secretary of State for the State of Michigan. Plaintiffs complain Defendant Land's interpretation of M.C.L. § 169.254 unconstitutionally impedes their rights under the First Amendment.

After the United States Supreme Court issued its opinion in *Citizens United v. Federal Elections Commission*, ___ U.S. ___, 130 S.Ct. 876 (2010), Plaintiff Michigan Chamber of Commerce sought a declarative ruling or interpretive statement of portions of the Michigan Campaign Finance Act (MCFA), M.C.L. § 169.201, *et seq.*, from Defendant Land. Defendant Land is authorized to make declaratory rulings and interpretive statements of the MCFA under M.C.L. § 169.215. Defendant issued her declaratory ruling on May 21, 2010. (Pl. Ex. A.) On July 12, 2010, Plaintiff filed a verified complaint and motion for a preliminary injunction or temporary

---

[1]Plaintiffs also filed an *ex parte* motion for leave to file excess pages. (Dkt. No. 4.) Plaintiffs indicate opposing counsel has no objection to the motion. Plaintiffs' motion (Dkt .No. 4) for leave to a 31 page brief is GRANTED.

restraining order.

**LEGAL FRAMEWORK**

The general purpose of a temporary restraining order is to "preserve the status quo until there is an opportunity to hold a hearing on the application for preliminary injunction." 11A CHARLES ALAN WRIGHT, ARTHUR R. MILLER AND MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE, § 2951 (2d ed. 1995). A temporary restraining order is an emergency procedure and issuance of such order is appropriate only when the applicant needs immediate relief. *Id.* Decisions regarding a temporary restraining order are within the discretion of a district court. *See Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008) ("The district court's decision to grant a temporary restraining order, when appealable, is reviewed by this court for abuse of discretion.") (quoting *Ne. Ohio Coal. for Homeless and Serv. Employees Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006)). Under Rule 65, a court may issue a temporary restraining order, without notice to the adverse party, only if two conditions are met. Fed. R. Civ. P. 65(b)(1). First, the moving party must establish specific facts, through an affidavit or a verified complaint, clearly showing that an immediate and irreparable injury will result to the moving party before the adverse party can be heard in opposition to the motion. Fed. R. Civ. P. 65(b)(1)(A). Second, the counsel for the moving party must certify in writing any efforts made to give notice and the reasons why notice should not be required. Fed. R. Civ. P. 65(b)(1)(B). In addition, the court must consider each of four factors: (1) whether the moving party demonstrates a strong likelihood of success on the merits; (2) whether the moving party would suffer irreparable injury without the order; (3) whether the order would cause substantial harm to others; and (4) whether the public interest would be served by the order. *Ohio Republican Party*, 543 F.3d at 361 (quoting *Ne. Ohio Coal.*). The four factors

are not prerequisites that must be met, but are interrelated concerns that must be balanced together. *See Ne. Ohio Coal.*, 467 F.3d at 1009.

**ANALYSIS**

The MCFA defines "contribution" broadly to include:

> a payment, gift, subscription, assessment, expenditure, contract, payment for services, dues, advance, forbearance, loan, or donation of money or anything of ascertainable monetary value, or a transfer of anything of ascertainable monetary value to a person, made for the purpose of influencing the nomination or election of a candidate, or for the qualification, passage, or defeat of a ballot question.

M.C.L. § 169.204(1). The MCFA excludes limited volunteer services from the definition of "contribution." M.C.L. § 169.204(3)(a). The MCFA prohibits corporations from making contributions that are "excluded from the definition of a contribution pursuant to section 4(3)(a)." M.C.L. § 169.254(2). Plaintiffs assert, based on the declaratory ruling issued by Defendant, their ability to exercise their freedom of speech has been unconstitutionally restricted, with the threat of criminal sanctions as enforcement. Specifically, Plaintiffs claim Defendant's interpretation of the statute prevents the political action committee from receiving contributions from corporations for the purpose of making independent expenditures, prevents corporations from contributing to the political action committee, and prevents the corporations from soliciting contributions on behalf of the political action committee.

  A. Likelihood of Success on the Merits

This factor does not weigh in favor of or against the issuance of a temporary restraining order. Plaintiffs base their claim on the holding in *Citizens United*. The holding in *Citizens United* does not clearly resolve the questions raised. *Citizens United* did not directly address the sort of restrictions on corporate contributions at issue here, although the rationale in *Citizens United* may

3

implicate the rationale supporting the restrictions found in the Michigan statute. The other authority cited by Plaintiffs also does not directly address the questions raised here. The court is currently without the benefit of a response to the motion by Defendant.

　　B. Irreparable Harm

This factor weighs slightly in Plaintiffs' favor. The United States Supreme Court has held that "[t]he loss of First Amendment freedoms, even for minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976). The Michigan primary election will be held on August 3, 2010. Defendant's interpretation of the MCFA does not ban corporate speech; corporations may use their general revenue funds for their own independent expenditures. Defendant's interpretation of the MCFA restricts corporations from contributing its general revenue funds to other third parties for the purpose of independent expenditures. Plaintiffs were aware of Defendant's interpretation of the statute approximately seven weeks before this suit was filed. The court will hold a preliminary injunction hearing nine (9) calendar days from the entry of this order. Given the time parameters, this factor leans somewhat in Plaintiffs' favor.

　　C. Balance of Harm to Defendant and Others

This factor does not weigh in favor or against granting the temporary restraining order. In this instance, declining to grant Plaintiffs' request for a temporary restraining order assures a continuation of the status quo, pending a hearing on a preliminary injunction. It is unclear how Defendant or others would be affected, either beneficially or in some negative manner, by a temporary restraining order.

　　D. Public's Interest

This favor weighs against issuing a temporary restraining order. The public has an interest

4

in having the laws enacted by its representatives enforced. Courts must begin with the presumption that the challenged statute is constitutional.[2] *See I.N.S. v. Chada*, 462 U.S. 919, 944 (1983); *Fairbank v. United States*, 181 U.S. 283, 285 (1901); *see also Turner Broadcasting Sys., Inc. v. FCC*, 507 U.S. 1301, 1301 (1993) (rejecting a request for an injunction against enforcement of certain sections of a statute and holding that "[t]he 1992 Cable Act, like all Acts of Congress, is presumptively constitutional" and further noting that the applicants were "not merely requesting the stay of a lower court's order, but an injunction against the enforcement of a presumptively valid Act of Congress" which would alter the legal status quo) (Rhenquist, C.J). As explained by Defendant Land in a statement published in the Lansing State Journal, she must administer the laws enacted by the Legislature, she cannot make new laws. (Pl. Ex. B.)

The balance of the four factors weighs against issuing a temporary restraining order. To be clear, the court has not concluded that Defendant's interpretation is correct or that Plaintiffs' correctly claim that the state law is unconstitutional. The court merely concludes that Plaintiffs have not established that an emergency is occurring which justifies the need for immediate action without affording Defendant an opportunity to be heard. Two of the factors are neutral. The irreparable harm factor weighs slightly in Plaintiffs' favor, while the interest of the public weighs more strongly against issuance of the temporary restraining order. The harm Plaintiffs will suffer between now and

---

[2]The court, like Defendant, acknowledges that the holdings in *Citizens United* have rendered portions of the MCFA unconstitutional. Specifically, after *Citizens United*, statutes may not constitutionally prohibit corporations from making independent expenditures to express the corporation's views in support of or in opposition to a political candidate.

5

the hearing on a preliminary injunction is the same harm they have suffered for the past seven weeks.

For these reasons, Plaintiffs' motion for a temporary restraining order is **DENIED**. Consistent with the above discussion, **IT IS HEREBY ORDERED:**

1. Plaintiffs' motion for leave to file excess pages (Dkt. No. 4) is **GRANTED;**

2. Plaintiffs' motion for a temporary restraining order (Dkt. No. 2) is **DENIED IN PART;**

3. The parties are hereby on **NOTICE** that a **HEARING** is scheduled on Plaintiffs' motion for a preliminary injunction on Thursday, July 22, 2010, beginning at 2:00 p.m, and continued, if necessary, on Friday, July 23, 2010, beginning at 9:00 a.m. The hearing will occur in the Kalamazoo Courthouse at 410 W. Michigan Ave., Kalamazoo, Michigan, 49007; and

4. Defendant Land shall file a response to Plaintiffs' motion for a preliminary injunction no later than Friday, July 16, 2010 at 12:00 p.m. (noon).


Date:  July 13, 2010              /s/ Paul L. Maloney
                                                                                Paul L. Maloney
                                                                                Chief United States District Judge