UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

**Michigan Chamber of Commerce,** a
Michigan nonprofit corporation,
**Michigan Chamber Political Action
Committee III,** a Michigan political
Committee, and **The Sterling Consulting
Corporation,** a Michigan profit corporation,

    Plaintiffs,

vs.

**Terri Lynn Land**, in her official capacity
as Michigan Secretary of State,

    Defendant.

1:10-cv-664
Paul L. Maloney, Chief Judge
United States District Court


**STIPULATED JUDGMENT
AND ORDER FOR
A PERMANENT INJUNCTION**

---

Eric E. Doster (P41782)
Foster Swift Collins & Smith PC
*Attorneys for Plaintiffs*
313 South Washington Square
Lansing, MI  48933
(517) 371-8241
edoster@fosterswift.com

Gary P. Gordon (P26290)
*Attorneys for Plaintiffs*
Dykema Gossett PLLC
Capitol View
201 Townsend Street, Suite 900
Lansing, MI  48933
(517) 374-9100
ggordon@dykema.com

Denise C. Barton (P41535)
Assistant Attorney General
Dept of Attorney General
*Attorney for Defendant*
525 W Ottawa St Fl 5
PO Box 30736
Lansing, MI  48909
(517) 373-6434
bartond@michigan.gov

## STIPULATED JUDGMENT AND ORDER FOR
## A PERMANENT INJUNCTION

Plaintiffs, Michigan Chamber of Commerce, Michigan Chamber Political Action Committee III, and The Sterling Consulting Corporation, and Defendant Michigan Secretary of State Terri Lynn Land jointly stipulate to judgment in favor of the Plaintiffs as follows:

1.  The Plaintiffs and the Defendant jointly stipulate to the Plaintiffs' Motion for Summary Judgment filed August 2, 2010 and the relief requested therein, except for a request for reasonable attorney fees, which issue has been amicably resolved.

2.  The Plaintiffs and the Defendant jointly ask the Court to enter a declaratory judgment and permanent injunction in favor of the Plaintiffs in accordance with this Court's July 23, 2010 Opinion and Order and to grant the following relief:

    A.  Declare and adjudge that MICH. COMP. LAWS § 169.254, as interpreted by the Defendant, is unconstitutional as violative of the Plaintiffs' First and Fourteenth Amendment rights to freedom of speech and freedom of association.

    B.  Enter a permanent injunction identical to this Court's July 23, 2010 preliminary injunction, stating:

        (1)  The Michigan Secretary of State may <u>not</u> enforce MICH. COMP. LAWS § 169.254 to restrict or prohibit the plaintiff corporations from making payments to the plaintiff political action committee for the purpose of the political action committee making expenditures in connection with a campaign for government office where those expenditures are <u>in no way</u> directly or indirectly coordinated with any candidate or the candidate's campaign committee, political party, or political party committee.

        (2)  The Michigan Secretary of State may enforce MICH. COMP. LAWS § 169.254 to restrict or prohibit the plaintiff corporations from making payments to the

1

plaintiff political action committee for the purpose of the political action committee making expenditures in connection with a campaign for government office where those expenditures are <u>in any way</u> coordinated with any candidate or the candidate's campaign committee, political party, or political party committee.

        (3)    For purposes of this order, an expenditure by the plaintiff political action committee will be considered to be "coordinated" if:

        (a)    the expenditure was "made in concert or cooperation with or at the request or suggestion of such candidate, the candidate's authorized political committee, or their agents, or a political party committee or its agents" within the meaning of 2 U.S.C. § 431(17); or

        (b)    the expenditure was "made at the direction of, or under the control of, another person" within the meaning of MICH. COMP. LAWS § 169.209(2); or

        (c)    the expenditure does not meet the aforementioned federal and state statutory definitions but otherwise constitutes *quid pro quo* corruption or reasonably fosters the appearance of *quid pro quo* corruption.

    3.    Consistent with this Court's July 23, 2010 Opinion and Order, the Defendant shall rescind the May 21, 2010 Declaratory Ruling issued to Plaintiff Michigan Chamber of Commerce.

    4.    As the prevailing party in this action, the Plaintiffs shall be entitled to reasonable attorney fees payable to Plaintiff Michigan Chamber of Commerce, the terms of which have been amicably resolved between the parties.

    5.    Upon proof of payment of the attorney fees referenced in Paragraph 4, a final order of dismissal with prejudice shall be entered.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: August 30, 2010 | /s/ Eric E. Doster<br>Eric E. Doster (P41782)<br>FOSTER SWIFT COLLINS & SMITH PC<br>*Attorneys for Plaintiffs*<br>313 South Washington Square<br>Lansing, MI 48933<br>Telephone: (517) 371-8241<br>Facsimile: (517) 371-8200 |
| Dated: August 30, 2010 | /s/ Gary P. Gordon<br>Gary P. Gordon (P26290)<br>DYKEMA GOSSETT, PLLC<br>*Attorneys for Plaintiffs*<br>201 Townsend Street, Ste. 900<br>Lansing, MI 48933<br>Telephone: (517) 374-9100<br>Facsimile: (517) 374-9191 |
| Dated: August 30, 2010 | /s/ Denise C. Barton<br>Denise C. Barton (P41535)<br>Assistant Attorney General<br>Dept of Attorney General<br>*Attorney for Defendant*<br>525 W Ottawa St Fl 5<br>PO Box 30736<br>Lansing, MI 48909<br>Telephone: (517) 373-6434<br>bartond@michigan.gov |

In accordance with the above Stipulation, **JUDGMENT IS THEREFORE ENTERED** in favor of the Plaintiffs, and against the Defendant pursuant to the terms and conditions recited above.

**DONE** and **ORDERED** in Chambers, Kalamazoo, Michigan on ____August 31____, 2010.

/s/ Paul L. Maloney
Honorable Paul L. Maloney
Chief United States District Judge

3